UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT DAVIS,

        Defendant.

_____/

Case No. 12-20224

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

## ORDER DENYING DEFENDANT'S MOTION FOR FINDING UNDER 29 U.S.C. § 504 THAT DEFENDANT IS NOT PROHIBITED FROM CONTINUED EMPLOYMENT BY A UNION [59]

Before the Court is Defendant's Motion for a Finding Under 29 U.S.C. § 504(a)(5)(B) that Defendant is Not Prohibited from Continued Employment by a Union [59], the Government's Response [70], Defendant's Reply [71], Defendant's Supplemental Reply [72], and the Office of Labor Management Standards ("OLMS") Report of Investigation and Analysis & Recommendation Memorandum [undocketed] ("the Report"). Defense counsel was provided a copy of the Report before November 19, 2014. For the reasons that follow, Defendant's Motion [59] is **DENIED** without prejudice.

On September 2, 2014, Defendant pled guilty to a theft of funds from a federally-funded program in violation of 18 U.S.C. § 666(a)(1)(A) and filing a materially false income tax return in violation of 26 U.S.C. § 7206(1). On that same day, Defendant filed the instant Motion [59]. On November 19, 2014, the Court heard oral argument on Defendant's Motion [59] and took it under advisement. The only dispute is whether Defendant's violation of 18 U.S.C. § 666(a)(1)(A) disqualifies him from employment under 29 U.S.C. § 504.

In relevant part, 29 U.S.C. § 504 states:

> No person . . . who has been convicted of . . . bribery, extortion, embezzlement, grand larceny, . . . any felony involving abuse or misuse of such person's position or employment in a labor organization or employee benefit plan to seek or obtain an illegal gain at the expense of the members of the labor organization or the beneficiaries of the employee benefit plan, or conspiracy to commit any such crimes or attempt to commit any such crimes, or a crime in which any of the foregoing crimes is an element, shall serve or be permitted to serve--
> (1) as a consultant or adviser to any labor organization,
> (2) as an officer, director, trustee, member of any executive board or similar governing body, business agent, manager, organizer, employee, or representative in any capacity of any labor organization,
> (3) as a labor relations consultant or adviser to a person engaged in an industry or activity affecting commerce, or as an officer, director, agent, or employee of any group or association of employers dealing with any labor organization, or in a position having specific collective bargaining authority or direct responsibility in the area of labor-management relations in any corporation or

association engaged in an industry or activity affecting commerce, or

(4) in a position which entitles its occupant to a share of the proceeds of, or as an officer or executive or administrative employee of, any entity whose activities are in whole or substantial part devoted to providing goods or services to any labor organization, or

(5) in any capacity, other than in his capacity as a member of such labor organization, that involves decisionmaking authority concerning, or decisionmaking authority over, or custody of, or control of the moneys, funds, assets, or property of any labor organization,

> during or for the period of thirteen years after such conviction or after the end of such imprisonment, whichever is later, unless the sentencing court on the motion of the person convicted sets a lesser period of at least three years after such conviction or after the end of such imprisonment, whichever is later, or unless prior to the end of such period, in the case of a person so convicted or imprisoned, . . . or (B) if the offense is a Federal offense, the sentencing judge . . . pursuant to sentencing guidelines and policy statements under section 994(a) of Title 28, determines that such person's service in any capacity referred to in clauses (1) through (5) would not be contrary to the purposes of this chapter. Prior to making any such determination the court shall hold a hearing and shall give notice of such proceeding by certified mail to the Secretary of Labor and to State, county, and Federal prosecuting officials in the jurisdiction or jurisdictions in which such person was convicted. The court's determination in any such proceeding shall be final.

Defendant pled guilty to 18 U.S.C. § 666 for, per the indictment, converting

property that was owned by a public school district and valued around at least

$5000. In the Sixth Circuit, a conviction under 18 U.S.C. § 666 for conversion has been held to encompass the embezzlement as "under the statute, embezzlement is not a crime alternative to the one charged, but simply another of a number of types of knowing conversion." *United States v. Suarez*, 263 F.3d 468, 478-9 (6th Cir. 2001). Thus, it is clear that the crime pled guilty to in this case causes the prohibition of 29 U.S.C. § 504 to apply to the Defendant.

For the Court to waive the Defendant's prohibition from continued employment in a union under 29 U.S.C. § 504(a)(B), the sentencing guidelines and policy must be followed by the Court and the person's service for the union must not be contrary to the purposes of the statute. The policy guidance for decisions made regarding 29 U.S.C. § 504(a)(B) is contained in U.S.S.G. 5J1.1. According to this policy, when a person is convicted of a disqualifying crime, the statutory prohibition against working for a union may be lifted early only if there is:

> …clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability. U.S.S.G. 5J1.1

In this case, Defendant filed the motion asking the Court to allow him to continue to work for the union on September 2, 2014 [59], the same day as his plea agreement [62], and more than three months before the entry of judgment in the case on December 29, 2014 [75]. His premature claim of rehabilitation is evidence

that Defendant is not yet rehabilitated.  While Defendant argues that the time period concerning his crimes ended in January 2010, and as such he has had sufficient time to be rehabilitated, this does not address the fact that it was only recently that Defendant was indicted, pled guilty and sentenced for his commission of the charged crimes. Therefore, his claim of rehabilitation is premature, as his rehabilitation has only recently begun, and he is only now taking responsibility for his crimes.

Defendant further argues that his convictions under 18 U.S.C. § 666(a)(1)(A) and 26 U.S.C. § 7206(1) are not "contrary to the purposes of" Chapter 11 of Title 29 of the United States Code, and as such can be waived by the Court pursuant to 29 U.S.C. § 504(a)(B). In support of his assertion, Defendant contends that his current union employment is not contrary to the purposes of § 504 because the allegations that he plead guilty to were not connected to his union involvement and there is no evidence that Defendant did any harm to any members of the union, nor that he did anything illegal in relation to his official capacity as a member of union staff. Therefore, Defendant argues that the purpose of the Act, which he contends is to remove organized crime from unions for the protection of union members, is not violated if he is allowed to retain his employment position in the union.

However, the purposes of the act cannot be so narrowly prescribed that it only targets organized crime in unions, or crimes committed in circumstances related to union activity.  Courts have repeatedly read § 504 broadly and applied it to include crimes committed that did not involve a Defendant's union work so long as their crime fit the statute. *See, e.g. Petition of Belpedio*, 753 F. Supp. 239, 240 (N.D. Ill. 1990); *United Union of Roofers, Union No. 33 v. Meese*, 823 F.2d 652, 655 (1st Cir.1987). The Sixth Circuit addressed this in *United States v. Hughes* and opined that the purpose of the act was to protect union members and public interest from "union officials who have been convicted for certain conduct." 964 F.2d 536, 539–41 (6th Cir.1992) (holding that § 504 is a remedial statute regulating current conduct). Accordingly, serious crimes like rape and arson, which do not relate to union employment, are also crimes that are covered by the prohibition of § 504, illustrating that the purpose of the statute is broader than just crimes committed in the context of union work. See *United Union of Roofers, Waterproofers & Allied Workers, Union No. 33 v. Meese*, 823 F.2d 652, 655 (1st Cir. 1987).

A Defendant who pleads guilty to 18 U.S.C. § 666 for converting property valued around at least $5000 is convicted of a serious crime referred to by § 504. It is also important to note that Defendant's crime was committed while serving as an agent for the public school in a position of trust. This is exactly the type of position

that he would be serving in at the union. Therefore, given the absence of a showing of rehabilitation, prohibiting Defendant from working in a union relates especially closely to the purpose of the act of protecting unions from employees who have committed serious crimes.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Finding Under 29 U.S.C. § 504 that Defendant is Not Prohibited from Continued Employment by a Union [59] is **DENIED** without prejudice.

**SO ORDERED**.

<u>s/Arthur J. Tarnow</u>
ARTHUR J. TARNOW
Dated: October 20, 2015                    SENIOR U.S. DISTRICT JUDGE