UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT DAVIS,

        Defendant.
_____/

Case No. 12-20224

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR ENTRY OF ORDERS [85]**

On August 9, 2016 Defendant filed a Motion for entry of orders [85] requesting the following relief: (1) entry of an order approving the monthly restitution repayment amount/plan as recommended by the Defendant Davis' Probation Officer; (2) entry of an order declaring that the Highland Park School District and its Emergency Manager do not have standing to enforce this Court's December 29, 2014 Restitution Order in federal or state court, except as expressly permitted and authorized under the Mandatory Victims Restitution Act (MVRA); and (3) an enjoinment of the Highland Park School District and its Emergency Manager to prevent them from instituting such proceedings. For the reasons stated below, this Motion is **DENIED**.

On December 29, 2014, the Court entered a criminal judgment against Defendant. In that judgment, the Court ordered that restitution be paid to Highland Park School District in the amount of $197,983.00. Defendant was released from prison on July 1, 2016, met with a probation officer, and on July 14, 2016 wrote a memo, signed by the Court on July 20, 2016, stating that until Defendant becomes gainfully employed, he is to

1

"make good faith restitution payments at a rate of $10.00 per month by the 30th day of the month beginning 08/30/2016. Once employed, the minimum payment will be increased." [89, Ex. B].

Prior to his criminal judgment, Defendant had a judgment entered against him in Wayne County Circuit Court on April 19, 2013. That judgment is currently outstanding in the amount of $39,696.91 in favor of the School District of the City of Highland Park and its Emergency Financial Manager. [85, Ex. A].

On August 5, 2016, the Highland Park Board of Education and the Emergency Financial Manager for the Highland Park School District[1] filed a Motion in Wayne County Circuit Court, asking the Court for a post-judgment creditor's examination of [Defendant] before the Court. *Id*. HPSD also filed in Wayne County Circuit Court on August 5, 2016 a proposed order granting their renewed motion for a post-judgment creditor's examination of [Defendant] and for an order to place funds due to them in escrow. [89, Ex. A].

## ANALYSIS

1. **DEFENDANT'S REQUEST FOR AN ORDER DECLARING THAT THE HIGHLAND PARK SCHOOL DISTRICT AND ITS EMERGENCY MANAGER DO NOT HAVE STANDING ENFORCE THIS COURT'S DECEMBER 29, 2014 RESTITUTION ORDER IN FEDERAL OR STATE COURT, EXCEPT AS EXPRESSLY PERMITTED AND AUTHORIZED UNDER THE MVRA.**

In making this request, Defendant characterizes the action in the Wayne County Circuit Court as being a "…motion seek[ing] the entry of an order requiring Defendant Davis to pay over assets…to satisfy [the Federal Court's] December 29, 2014 Restitution

---

[1] Collectively referred to in this motion as "HPSD."

2

Order [75] and be ordered to participate in a creditor's exam." [85 at 2]. The proposed orders before the Wayne County Circuit Court do not order the liquidation of any assets against the remaining balance of the criminal restitution order, nor do they show any indication of action in the state court to amend or alter the restitution judgment or even the parole officer's recommended schedule of payment.

The proposed order in Wayne County Circuit Court follows state court procedure for post judgment proceedings. The HPSD has an outstanding judgment in state court, and as such, the Wayne County Circuit Court has the authority to "compel a discovery of any property or things in action belonging to a judgment debtor" as well as the power to "prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor." MCL § 600.6104; § 600.6116. This is exactly what the Wayne County Circuit Court is contemplating in the Motion and proposed orders filed by HPSD. Because HPSD has an outstanding judgment, they have standing to seek this relief.

There is no indication in the Motion or proposed order that the Wayne County Circuit Court will seek liquidation of any specific asset for application against the remaining balance due on restitution, nor is there any indication that the funds will be placed in an escrow account to satisfy this Court's restitution order as the Plaintiff asserts. Rather, the only reference in the order to any of Defendant's assets is the following:

> IT IS FURTHER ORDERED that Plaintiff Robert Davis shall be prohibited from transferring, disposing, or concealing any property not exempt from

3

> execution whether now owned or possessed by Robert Davis or hereinafter acquired until such Judgments are satisfied.

This is a valid exercise of power under state law MCL §600.6104. The state court's proposed order does not attempt to enforce this Court's restitution order, to order the Defendant to satisfy judgment, or to amend or alter this Court's restitution order. The state court merely is following Michigan procedures for post judgment process per HPSD's request. The Court will not issue an order preventing HPSD from requesting legally available discovery under valid Michigan state court law.

Additionally, there is reason under the MVRA that the HPSD would seek discovery in the state court and is allowed to so proceed. In the MVRA, private parties named as payees in the restitution order have the ability to notify the Court of a material change in the Defendant's economic circumstances. 18 USCA §3664(k). As the Government points out in its response brief, the existing state court judgment provides the HPSD authority to pursue its discovery motion in the Wayne County Circuit Court. [88 at 6]. Reference to the judgment merely informs Defendant that the information could be used for more than one purpose, and does not nullify the need for discovery to take place in the first place in regards to the outstanding state court judgment. There is nothing in the MVRA that prevents the HPSD from using valid state law procedures in state court to effectuate a creditor's examination.

Finally, the Court will not declare that HPSD lacks the ability to pursue collection of the federal restitution in this case because there is an avenue for HPSD to use to seek to collect the funds it is owed in the judgment. Per 18 U.S.C.A. § 3664(m)(1)(B), while a

victim of a crime cannot affirmatively enforce the restitution in a criminal case in federal court, a victim named in a restitution order, such as HPSD, can request the clerk of the court to issue an abstract "judgment certifying that a judgment has been entered in favor of such victim in the amount specified in the restitution order." Once that judgment is docketed with the Court, "the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State." *Id.*

### 2. DEFENDANT'S REQUEST FOR ENJOINMENT OF THE HIGHLAND PARK SCHOOL DISTRICT AND ITS EMERGENCY MANAGER FROM INSTITUTING SUCH PROCEEDINGS

When evaluating a motion for preliminary injunction, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." Bonnell, 241 F.3d at 809 (quoting Rock & Roll Hall of Fame v. Gentile Prods., 134 F.3d 749, 753 (6th Cir. 1998)). No single factor is controlling of the outcome, however, if "there is simply no likelihood of success on the merits," that is usually "fatal." Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000).

Defendant bases his argument surrounding this Motion on the fact that the HPSD lacks standing under the MVRA to enforce the restitution order of the Court. Setting to the side the fact that HPSD is not attempting enforce the restitution order with its actions in state court, HSPD does have authority under the MVRA to pursue the enforcement of

the restitution order if it so chooses. As explained above, victims who are named in the restitution order do have an ability to enforce the restitution order in state court under 18 USCA § 3664(m)(1)(B). In addition, as stated above, there is no evidence in law or fact showing that the State Court is seeking to enforce this Court's restitution order or alter it or amend it. This means that there is no basis for this motion and the Defendant does not have a likelihood for success on the merits of this motion.

The Defendant has also not shown that he would suffer irreparable injury if the Court did not enjoin HPSD. While Defendant complains that if it is not enjoined, he will not have access to his money to pay the monthly restitution payments, the fact remains that even if the HPSD was enjoined from its actions in state court as to the federal criminal restitution amount, Defendant would still face the same possible discovery hearing and prohibitions regarding his finances since there remains the issue of the outstanding state judgment remaining. Therefore, whether HPSD is enjoined or not, the only harm identified by Defendant would still exist in the exact same form.

Finally, there is no real argument that the public interest would be served by stopping the state court from considering valid legal arguments under state law and conducting legal post judgment proceedings. Therefore, the Court declines to enjoin the actions of HPSD.

### 3. DEFENDANT'S REQUEST FOR ENTRY OF AN ORDER APPROVING THE MONTHLY RESTITUTION REPAYMENT AMOUNT/PLAN AS RECOMMENDED BY THE DEFENDANT DAVIS' PROBATION OFFICER

Defendant's request for entry of an order approving the monthly restitution repayment plan is denied. As demonstrated in the record, the Court has approved the

payment schedule proposed by probation officer. [89 at Ex. B]. Given the temporary nature of the schedule described above, and the fact that the named victim is currently in state court to conduct discovery into the financial situation of Defendant in a detailed creditor's examination and the victim retains the ability under 18 U.S.C.A. § 3664(k) to use that information to inform the Court of any changed circumstances in Defendant's economic circumstances to adjust the payment schedule, the Court declines the request to enter an order approving the current repayment plan.

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion For Entry Of Orders [85] is **DENIED**.

**SO ORDERED**.

Dated: August 26, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge