# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 25, 2022

Mr. Robert Davis
180 Eason
Highland Park, MI 48203

Mr. Zak Toomey
U.S. Department of Justice
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Re: Case No. 20-2118, *USA v. Robert Davis*
Originating Case No. 2:12-cr-20224-1

Dear Mr. Davis and Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Monica M. Page
Case Manager
Direct Dial No. 513-564-7021

cc: Ms. Kinikia D. Essix

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 20-2118

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 25, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| v. ) | THE EASTERN DISTRICT OF |
| ) | MICHIGAN |
| ROBERT DAVIS, ) | |
| ) | |
| Defendant-Appellant. ) | |

O R D E R

Before: COLE, GIBBONS, and ROGERS, Circuit Judges.

Robert Davis, a pro se former federal prisoner, appeals the district court's denial of his third motion under 29 U.S.C. § 504 for a determination that he is no longer prohibited from employment by a union. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2014, Davis pleaded guilty to the unlawful conversion of program funds valued at $5,000 or more, in violation of 18 U.S.C. § 666(a)(1)(A), and to making and subscribing to a false income tax return, in violation of 26 U.S.C. § 7201. The district court sentenced him to a total term of 18 months of imprisonment, to be followed by two years of supervised release. He did not appeal.

Relevant to the current appeal, Davis had previously worked as a staff representative for a labor union, but, because of his embezzlement conviction, he was prohibited by § 504(a) from further work with a labor union for thirteen years following the end of his incarceration. Before sentencing, Davis filed his first motion for an exemption under § 504(a)(B) from this restriction

so that he could resume his union employment upon his release. After a hearing, the district court denied the motion without prejudice, reasoning that Davis's claim of rehabilitation was premature.

Following his 2016 release from prison, Davis filed a renewed motion for relief from § 504(a), asserting that he had been rehabilitated due to his time spent reflecting on his crimes and participating in rehabilitative programs while incarcerated. The district court denied the renewed motion, again finding that it was premature. We affirmed. *United States v. Davis*, No. 16-1452 (6th Cir. Feb. 13, 2017) (order).

In July 2020, Davis filed a third motion for relief from § 504(a), adding new support to his request. He asserted that he had mentored the residents of his halfway house after release, that he had connected with the new emergency manager of the school district from which he had been convicted of embezzling funds, that he had a potential employment opportunity with a labor union, that he had been discharged from his period of supervised release, and that he was employed as a legislative aide and policy advisor to State Representative LaTanya Garrett. The government opposed the motion, noting that Davis had refused to participate when the Department of Labor attempted to investigate Davis's motion and that he had made little progress on his restitution payments. After a hearing, the district court again denied Davis's motion without prejudice. This appeal followed.

Davis argues that the district court abused its discretion by denying his motion for an exemption under § 504. He claims that he has demonstrated his rehabilitation, that he would not pose a danger to a labor organization, and that the district court improperly relied on his refusal to cooperate with the Department of Labor. He also argues that the district court's insistence that he cooperate with the Department of Labor's investigation into his motion violated his First Amendment right not to speak.

We review questions of statutory interpretation de novo, *see United States v. Plavcak*, 411 F.3d 655, 660 (6th Cir. 2005), and the application of the law to the facts for an abuse of discretion, *see United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010). Under § 504, a defendant who has been convicted of certain enumerated crimes is not permitted to serve in various capacities in a labor organization, including as an employee. 29 U.S.C. § 504(a)(2). By default, the disability

Case 2:12-cr-20224-AJT-PJK ECF No. 173, PageID.9972 Filed 01/25/22 Page 4 of 5   Case: 20-2118    Document: 27-3    Filed: 01/25/2022    Page: 4    (4 of 5)

No. 20-2118
- 3 -

period is thirteen years from the defendant's conviction or the end of his imprisonment, whichever is later. The defendant can, however, move the court to set a lesser term of disability, but it must be at least three years. 29 U.S.C. § 504(a). The district court can also exempt a defendant from any term of disability if the defendant shows that his continued service in one of the capacities listed in § 504(a)(1)-(5) "would not be contrary to the purposes of this chapter." 29 U.S.C. § 504(a)(B); *see* USSG § 5J.1.1, p.s. This determination is made "pursuant to [the] sentencing guidelines and policy statements under section 994(a) of Title 28[.]" 29 U.S.C. § 504(a)(B). The applicable policy statement provides that relief "may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization[.]" USSG § 5J1.1, p.s.

The district court denied Davis's motion because it again concluded that Davis had not demonstrated that he had been rehabilitated. The district court noted the severity of Davis's crime, which involved obtaining "a large amount of money" while holding a position of trust, and his failure to find employment establishing that he could be trusted with access to other people's money. The district court also noted that the request was premature, that Davis had been making only small payments toward restitution, and that cooperating with the Department of Labor in the future would help him establish his trustworthiness. Given that Davis did not present any evidence specifically relevant to whether he could be trusted to control someone else's money, he did not clearly establish that he was entitled to an exemption, and the district court's decision to deny the motion without prejudice was not an abuse of discretion. This conclusion is bolstered by the gravity of Davis's crime and his failure to obtain employment that demonstrates that he can be trusted with access to other people's money. His other positive contributions to society since his release, although laudable, do not directly bear on whether he can be trusted with union funds. For similar reasons, the district court did not abuse its discretion by declining to grant an alternative reduction of the thirteen-year period.

Davis argues that the district court's reliance on his refusal to cooperate with the Department of Labor was improper because he was not statutorily required to do so. But the

district court merely noted that his refusal to cooperate with the Department of Labor did not weigh in favor of the sincerity of his claim of rehabilitation and that cooperating in the future would help establish his trustworthiness.  Davis argues for the first time on appeal that the district court's requirement that he speak with Department of Labor investigators violated his First Amendment rights.  We ordinarily do not consider arguments raised for the first time on appeal.  *See Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 443 (6th Cir. 2021).  Regardless, the district court did not compel Davis to speak to the investigators, it merely indicated that doing so would help establish his rehabilitation.  This was not a violation of Davis's First Amendment rights.  *See Wilkins v. Daniels*, 744 F.3d 409, 415-16 (6th Cir. 2014).

For the reasons discussed above, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk